Louis Henry RODERICK, Jr., Plaintiff,

v.

Christopher S. BOND, and John Ashcroft, Defendants.

No. N82–0051C.

United States District Court, E.D. Missouri, N.D.

Dec. 6, 1982.

---

Michael H. Guberman, St. Louis, Mo., for plaintiff.

Nancy Kelley Baker, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## MEMORANDUM

CAHILL, District Judge.

This matter is before the Court on the defendants' motion to dismiss. The defendants argue, *inter alia,* in the motion to dismiss that although Louis Henry Roderick, Jr., filed this action under 42 U.S.C. § 1983, Roderick essentially seeks to reduce his jail sentence under state law and, therefore, Roderick has to pursue habeas corpus relief under 28 U.S.C. § 2254. Defendants conclude that the Court has to now dismiss this action because Roderick has failed to exhaust his available state remedies as required by § 2254. The Court agrees and dismisses this action without prejudice.

Roderick, an inmate at the Missouri Training Center for Men, commenced this action, initially *pro se,* under § 1983 alleging that the state trial judge impermissibly retroactively applied the Missouri Persistent Offender Act. Mo.Rev.Stat. § 558.016 (amended, effective Jan. 1, 1979). The Persistent Offender Act allows a trial judge to sentence a person convicted of certain felonies to longer prison terms if that person has previously pleaded guilty or been found guilty of two or more felonies committed at different times. Roderick maintains that he was sentenced to a longer prison term under the Persistent Offender Act based on prior convictions that predate the effective date of the Act. Roderick seeks only injunctive relief to enjoin further application of the Act against him.

Granting Roderick's request for injunctive relief would only serve one purpose—reducing the duration of his prison term. When a prisoner files an action that attacks the length of his confinement, his sole remedy is a writ of habeas corpus.

*Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Thus, the Court will treat the § 1983 complaint as an application for habeas relief. It is now well settled that principles of comity direct that a prisoner must first exhaust his state remedies before seeking a habeas writ in federal court. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Roderick alleges that he was convicted in January, 1982. There is no evidence in the record that Roderick directly appealed his conviction to the Missouri appellate courts or sought postconviction relief under Mo.S. Ct.R. 27.26. In any event, recognizing the present caseload of the Missouri appellate courts, it is unlikely that Roderick's appeal of his conviction or sentence has now been resolved if it was filed. Therefore, this case is dismissed. However, the Court will stay the effect of this dismissal for ten days from the date of this order to allow Roderick to present evidence that his available state court remedies have been exhausted. Otherwise the dismissal will become effective at the expiration of the ten-day period provided herein.